**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:        David Lee Daniels, III v. ZLOS Investment Trust

Appellate case number:    01-22-00246-CV

Trial court case number:   1181380

Trial court:                County Civil Court at Law No. 4 of Harris County

On March 30, 2022, appellant David Lee Daniels, III filed a pro se notice of appeal from the trial court's March 24, 2022 final judgment in favor of appellee ZLOS Investment Trust. The appellate record was due to be filed by May 30, 2022. *See* TEX. R. APP. P. 35.1. The clerk's record was filed with the Clerk of this Court on May 23, 2022, however, no reporter's record was filed. On June 8, 2022, the Court granted a request for extension from the official court reporter for the County Civil Court at Law No. 4, extending the deadline for the filing of the reporter's record to June 17, 2022.

On June 14, 2022, prior to the reporter's record being filed, appellant filed a brief with the Court. Because the reporter's record had not been filed, and the appellate record not yet complete, the time for filing appellant's brief had not come due. *See* TEX. R. APP. P. 38.6(a). The reporter's record was subsequently filed with the Court on June 18, 2022. Because the reporter's record had not been filed at the time appellant filed his brief, the brief does not contain any "record references" or "a clear and concise argument for the contentions made, with appropriate citations to authorities and the record." TEX. R. APP. P. 38.1(d), (g), (i).

Texas Rule of Appellate Procedure 38.1 outlines the items which must be included in an appellant's brief. A party's failure to comply with the requirements of Rule 38.1 can result in the Court striking a brief, and ultimately, in dismissal of an appeal. *See Bennett v. Jenkins*, No. 01-21-00557-CV, 2022 WL 3268531, at *2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2022, no pet. h.) (per curiam) (dismissing appeal for want of prosecution where pro se appellant failed to file "corrected brief" after Court struck brief for failure to comply with Texas Rule of Appellate Procedure 38.1). Appellant's brief fails to comply with Rule 38.1.

First, appellant's brief includes a section titled "[t]imeline & [p]rocedural [h]istory." The rules do not include such a section heading among the required items. *See* TEX. R. APP. P. 38.1. To the extent this section is intended as a "statement of the case," it fails to comply with the rules because a statement of the case "should be supported by record references, should seldom exceed one-half page, and should not discuss the facts." *See* TEX. R. APP. P. 38.1(d). To the extent this section is intended as a portion of the "statement of facts," it fails to comply with the rules because a statement of facts "must state concisely and without argument the facts pertinent to the issues or points presented," and further, the "statement must be supported by record references." *See* TEX. R. APP. P. 38.1(g). This section of appellant's brief does not include any record references, is approximately eleven pages long, and includes an argumentative discussion of the purported facts.

Rule 38.1 further requires an appellant's brief to include an "issues presented" section which "must concisely state all issues or points presented for review." *See* TEX. R. APP. P. 38.1(f). Appellant's brief does include an "issues presented" section, however, it fails to comply with the rules as the section is approximately eight pages long and does not limit its discussion to a concise statement of the issues or points presented for review.

Additionally, an appellant's brief in an appellate court "must not exceed . . . 15,000 words if computer generated, and 50 pages if not." *See* TEX. R. APP. P. 9.4(i)(2)(B). Further, a brief "must include a certificate . . . [of] an unrepresented party stating the number of words in the document." *See* TEX. R. APP. P. 9.4(i)(3). Appellant's prematurely filed brief does not include any certificate of compliance stating the number of words in the document.

For these reasons, the Court **strikes** appellant's brief filed on June 14, 2022 for failure to comply with the briefing requirements set forth in Texas Rules of Civil Procedure 9.4 and 38.1. Appellant is directed to file a **corrected brief** that complies with the requirements of the Texas Rules of Civil Procedure **within thirty days** of the date of this order. *See* TEX. R. APP. P. 9.4, 38.1, 38.6(a).

It is so ORDERED.


Judge's signature: /s/ Justice Amparo Guerra
                          × Acting individually     ☐ Acting for the Court


Date:  08/30/2022